```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :   4:CR-06-0053-10
     v.                        :
                               :
THOMAS S. RONEY, JR.           :   (Judge Muir)
```

**OPINION**

MUIR, District Judge

I.   Introduction.

On February 9, 2006, a federal grand jury returned a fourteen-count indictment charging eleven defendants with various violations of the Controlled Substances Act.  Defendant Thomas S. Roney, Jr., is one of those Defendants and he has been detained pending trial.  On March 10, 2006, Roney pled not guilty to the charges against him.

On June 6, 2006, Roney filed a motion for a hearing on the issue of whether he may be released pending trial.  On June 6, 2006, we granted that motion and scheduled the hearing for June 9, 2006.  The hearing commenced and concluded on that date.  At the conclusion of the hearing we agreed to allow the parties until Wednesday, June 14, 2006, to file their annotations to the opposing party's proposed findings of facts and conclusions of law.  The government's annotations were timely filed.  Although Roney filed his annotations on June 15, 2006, we will accept them as having been timely filed.

Following are the court's findings of fact, discussion, and

conclusions of law.  Factual findings and legal conclusions which are not disputed are noted with a "U" in parenthesis after each such finding or conclusion.  The factual finding noted with a "U/O" in parenthesis was objected to by the government.  We overrule that objection.

No briefs have been filed in connection with Roney's motion to be released pending trial.  However, because the parties do not dispute the governing law, we will proceed to rule on the motion.

## II.  Findings of fact.

1. Defendant Thomas Roney, Jr., was convicted of three criminal offenses as a juvenile and has committed 14 criminal offenses as an adult.

2. Roney is addicted to heroin [and] has committed prior crimes and has violated the terms and conditions of parole supervision as a result of and in an effort to supply his addiction.  (U)

3. On May 7, 2005, Roney was convicted of the felony drug offense of delivery of a controlled substance in Montour County, Pennsylvania.  (U)

4. Roney's parole was revoked in Montour County on March 30, 2005.  (U)

5. While on parole prior to March 30, 2005, Roney was ordered to pay fines and costs.  (U)

6. While on parole prior to March 15, 2005, Roney was employed for a period of time at Burger King. (U)

7. Roney failed to make any payment towards his fines and costs while on parole prior to March 15, 2005. (U)

8. Roney failed to appear for appointments with the Montour County Probation Office while released on parole prior to March 15, 2005. (U)

9. Roney failed a drug test which was positive to opiates and cocaine while on parole prior to March 15, 2005. (U)

10. Roney also violated the terms of his parole by failing to obtain treatment for his addiction to heroin.

11. The Montour County Adult Probation Office has not utilized global positioning, electronic monitoring or electronic galvanic skin drug testing in the past to supervise Roney. (U)

12. On June 1, 2006, Roney served his maximum sentence of imprisonment in the Montour County Correctional Facility after a parole revocation. (U)

13. Roney is under supervision of the adult probation office of Montour County until June 2008, at which time a consecutive two-year probationary period commences in Lycoming County. (U)

14. Under the supervision of Montour County, if released by

       this court, Roney will be subject to random drug testing, monthly reporting, mandated job search, payment of costs and fines, limitations on travel, and completion of community service. (U/O)

15. Roney has no history of fleeing the jurisdiction of Montour County or failing to appear for required court appearances during his criminal record dating back to August 2001.

16. On August 2, 2005, Roney was released from jail in Montour County and was serving his term for parole revocation. (U)

17. The indictment in this case, in Count 13, charges Roney with the distribution of heroin on August 12, 2005. (U)

18. Roney is facing up to life imprisonment if convicted of Count One, Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, and Count Thirteen Possession with Intent to Distribute and Distribution of Heroin of the Indictment filed February 9, 2006. (U)

19. There is probable cause, based upon Count 13 of the indictment, that Roney distributed heroin 10 days after being released from Montour County Jail for a parole violation. (U)

20. On September 9, 2005, a Montour County Probation Officer searched Roney's residence at 213 Center Street, Danville, Pennsylvania, while Roney was on parole and recovered 27 packets of heroin, the prescription drug Vicodin, marijuana, and drug paraphernalia.

21. On September 9, 2005, Roney was arrested and refused to submit to a urine test as required by the terms of his release.

22. Five days later Roney admitted that he had been using heroin before being arrested on September 9, 2005.

23. Roney did not advise Montour County Probation Officer James Miller that he had been using heroin when he was arrested.

24. Roney did not pay any of his costs and fines while on parole prior to September 30, 2005.  (U)

25. Roney would reside with his parents in Montour County or any residence approved by Federal Probation if released prior to trial.

26. Roney's mother is presently on parole for a drug trafficking crime.

27. Roney's father has been convicted of a drug trafficking crime.

28. If released by this court, Roney would be subjected to

the supervision of Federal Probation as well as Montour County Adult Probation. (U)

### III. Discussion.

Title 18 U.S.C. § 3142, entitled "Release or detention of a defendant pending trial," controls our disposition of Roney's motion to be released on bail. Roney argues that he should be released pending his trial because 1) he has never missed a prior court date throughout the course of his prior experiences with the criminal judicial system, and 2) a new combination of conditions imposed upon him, such as close monitoring by way of an ankle bracelet or global positioning system, justify his release pending trial.

Subparagraph (e) of § 3142, entitled "Detention," provides in relevant part that

> [i]f, after a hearing ..., the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
>
> . . .
>
> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), ....

18 U.S.C. § 3142(e). We note that clear and convincing evidence of the factors enunciated in 18 U.S.C. § 3142(e) is required.

6

The statutory presumption, in and of itself, is not sufficient to detain Roney pending trial. See 18 U.S.C. § 3142(f)(the conclusion that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence).

The information relating to our determination of "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" concerns

> (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, ...; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Our analysis begins with the observation that the conspiracy alleged in the indictment involves a total of eleven defendants who are alleged to have distributed heroin in protected zones (within 1,000 feet of public and private elementary and secondary schools, and within housing owned by a public housing authority). Some of the co-defendants allegedly possessed firearms in connection with the conspiracy and more than one kilogram of heroin was involved.  As Roney concedes, the indictment constitutes probable cause that the offenses were committed.

The next factors to consider are Roney's history and

7

characteristics.  Roney has accumulated a substantial record of prior criminal offenses.  He admits that his criminal conduct is caused by, or at least closely related to, his addiction to heroin.  Roney's failure to obtain drug treatment while previously on parole indicates that his addiction, and a motivating force to commit crimes, may well remain.

Roney's record of compliance with the conditions of his parole in Montour County does not inspire any confidence in the conclusion that he will comply with any condition imposed upon if released in this case.  In a relatively short period of time Roney violated the terms of his parole by failing to make payments towards his fine and costs, failing a drug test, failing to obtain treatment for his drug addiction, and failing to keep appointments with his probation officer.  Roney's difficulties here lie in his inability to comply with the conditions of his release, as opposed to the methods by which he is supervised.

We are of the view that the clear and convincing evidence presented to us justifies Roney's continued detention pending his trial.  While it may be true that he never violated the terms of his probation in Montour County by fleeing while any state charge was pending against him, that may merely reflect the relatively insignificant potential sentences resulting from those charges.  The lengthiest sentence of incarceration previously imposed upon Roney was 5 to 11½ months; in contrast, Roney now faces a maximum

sentence of imprisonment for life.

We can envision no condition or combination of conditions of pretrial release which will reasonably assure the appearance of Roney and the safety of other persons and the community as required.

### III. Conclusions of law.

1. Under 18 U.S.C. §§ 3142(f)(1) and (e)(1), the Defendant is charged with a violation of the Controlled Substances Act for which there is a maximum term of imprisonment of ten (10) years or more, and consequently there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of others in the community.

2. The defendant has failed to rebut the above presumption based on the nature of the offenses charged in the indictment.

3. The record contains clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of other persons and the

community.

An appropriate order will be entered.

s/Malcolm Muir<br>MUIR, U.S. District Judge

DATE: June 16, 2006

MM:ga

```
                 UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :   4:CR-06-0053-10
     v.                        :
                               :
THOMAS S. RONEY, JR.           :   (Judge Muir)
```

**ORDER**

June 16, 2006

Roney's motion to be released pending trial (Document 97) is denied.

```
                              s/Malcolm Muir
                              MUIR, U.S. District Judge
```

MM:ga